The Honorable Lloyd R. George State Representative Route 1, East Ola, AR 72853
Dear Representative George:
This is in response to your request for an opinion on the following questions:
 1. If a member of a local school board moves out of state, does this create a vacancy on the board?
 2. If the answer to the first question is "yes," what is the procedure for filling the vacancy?
Your first question cannot be answered with a simple "yes" or "no" because the issue of whether a vacancy exists requires a factual determination. Please note that I have enclosed two Attorney General Opinions which explore in detail the qualification requirements under A.C.A. § 6-13-616 (Cum. Supp. 1991) for school board membership. See Op. Att'y Gen. 92-047
and 90-283. Subsection (a) of § 6-13-616 states in relevant part that ". . . no person shall be eligible to be a member of any school district board of directors in this state unless he is abona fide resident and qualified elector of the district which he serves." (Emphasis added.) The relevant factors in determining whether one is a "bona fide resident" and "qualified elector" are set forth in Opinion 90-283 at 2-4. As noted in Opinion 92-047, however, the actions of the board member with regard to his or her claimed residency must also be considered. Op. Att'y Gen.92-047 at 5.
Reference must also be made in this regard to A.C.A. §6-13-613(f) (Cum. Supp. 1991), which states:
 Should a local school board member accept employment at a distance from the school district such that it renders the maintenance of his residence in the district impossible or impracticable, should he remove his actual, bona fide residence outside the district boundaries, on other than a temporary basis, should he fail to attend a meeting of the school board for over a period of ninety (90) days, his office as a school board member, and any positions held thereon, may be declared vacant by a majority vote of the remaining school board members, and his successor shall be appointed as prescribed by law.
It is thus apparent that the existence of a vacancy will depend upon all of the facts and circumstances surrounding the board member's move. I suggest, therefore, that the board consult with counsel to whom it ordinarily looks for advice in order to resolve this fact question.
With regard to your second question, assuming that a vacancy does in fact exist, it is my opinion that the vacancy will be filled by a majority vote of the remaining directors.[1] See
A.C.A. §§ 6-13-610(c) (1987), 6-13-611(a) (Cum. Supp. 1991) and6-13-613(f) (Cum. Sup. 1991). The appointed director serves until the next annual school election, at which time a director will be selected to serve the unexpired term of the vacating director. A.C.A. §§ 6-13-610(c) (1987) and 6-13-611(c) (Cum. Supp. 1991).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:ch
[1] If, however, only a minority of the directors remains as a result of several vacancies, the vacancies shall be filled by appointment by the county board of education. A.C.A. §6-13-611(b) (Cum. Supp. 1991).